1
2
3
4
5
6
7           IN THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9   JOHN MICHAEL CAREY,

10          Plaintiff,                    No. CIV S-05-0003 FCD CMK

11      vs.

12  CHRIS ANDREWS, et al.,

13          Defendants.          FINDINGS AND RECOMMENDATIONS

14  _____/

15          Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. §

16  1983.  Plaintiff's motion for preliminary and permanent injunction, defendants' motion to

17  dismiss, and plaintiff's motion for extension of time to properly serve all defendants, are all

18  presently before the court.

19  **I. BACKGROUND**

20          Plaintiff is the CEO for Residential Employment Services, Inc. ("RES").   RES

21  had five care homes in Redding, California.  The RES staff consisted of fifty trained individuals.

22  Each RES home was licensed by the Department of Health and Human Services ("DHHS").

23  Defendant Kim Belshe' is the secretary at DHHS.  (Complaint at 7-9.)

24          In early March 2004, RES was informed that Far Northern Regional Center

25  ("FNRC") had been in contact with IRS collections officer Paul Enjalran ("Enjalran").  Enjalran

26  served FNRC and DHHS summons and notices of levies against payments due to RES.  (Id. at

1

9.)  Defendant Laura Larson is the District Director for FNRC.  (Id. at 7.)  Defendant Larson had conversations with plaintiff regarding the FNRC's action taken to comply with the federal tax levy.  (Id. at 10-11.)

Enjalran wrote letters on April 19, 2004, and May 5, 2004, informing plaintiff that the IRS considers RES a "nominee/alter ego" of Michael and Leone Carey.   Michael is plaintiff's father who owned several care facilities.  The IRS assessed that plaintiff's father had a substantial tax debt arising from his prior business activities.   Plaintiff bought his father's interest in those care facilities and operated them through RES.  It is through the claim of RES' alter ego/nominee status that the IRS issued a levy on payments made from FNRC to RES.  (Compl. Ex. H)

Plaintiff asked FNRC for copies of the levy notices.  FNRC refused to give the plaintiff anything.  The plaintiff contends that he was forced to sign a sales contract for two RES homes.  Plaintiff believes that the FNRC and the IRS have conspired to harm RES.  (Compl. at 9.)

Plaintiff alleges defendant Chris Andrews, the Shasta County Recorder, produced the fraudulent notices of federal tax liens.   (Id.)

Plaintiff alleges that the defendants damaged RES by removing patients from RES' care facilities without a judgment from the court, closing down homes, and causing staff to be laid off.  (Id. at 11.)  Finally, plaintiff alleges that IRS officer Robert Miller harassed his staff at a RES care residence and at the RES business office.   (Id. at 14-15.)

## II.  ANALYSIS

## Motion for Injunctive Relief

The court will first consider plaintiff's motion for preliminary and permanent injunction restraining respondents from levying payments and removing clients from RES.[1]

---

[1]  The court will construe plaintiff's motion for preliminary and permanent injunction as a motion for preliminary injunction.  See University of Texas v. Camenisch, 451 U.S. 390, 391 (1981).

1    "A preliminary injunction, of 'course, is not a preliminary adjudication on the

2 merits but rather a device for preserving status quo and preventing the irreparable loss of rights

3 before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir.

4 1984).  To prevail, the moving party must show either a likelihood of success on the merits and

5 the possibility of irreparable injury, or that serious questions are raised and the balance of

6 hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122

7 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,

8 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal

9 point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under

10 any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

11 irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the

12 court need not reach the issue of likelihood of success on the merits.  Id.

13    Here, the plaintiff has failed to show that there is a possibility he will suffer

14 irreparable injury.  Instead the plaintiff makes conclusory allegations that the RES corporation

15 has been injured by the forced sale of its homes and the loss of its clients.

16    Rule 17(a) requires that  "[e]very action shall be prosecuted in the name of the

17 real party in interest."  See Fed. R. Civ. P. Rule 17(a).  Based on the plaintiff's allegations, the

18 RES corporation is the real party in interest, not the plaintiff.  To the extent that the plaintiff

19 attempts to litigate this case on behalf of the RES corporation, he must obtain an attorney.  See

20 Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993).  A non-lawyer may only appear

21 in propria persona if he is representing himself because "the privilege is personal to him."  See

22 C.E. Pope Equity Trust v. United States of America, 818 F.2d 696, 697 (9th Cir. 1987).

23 Therefore, because the plaintiff has not asserted the threat of irreparable injury to himself he has

24 no standing to obtain injunctive relief.

25 ///

26 ///

3

1    Moreover, plaintiff failed to comply with the Local Rules of the Eastern District

2  which requires that:

3      "All motions for preliminary injunction shall be accompanied by
        (i) briefs on all relevant legal issues to be presented by the motion,
4      (ii) affidavits in support of the motion, including affidavits on the
        question of irreparable injury, and (iii) a proposed order with
5      provision for bond."

6  Local Rule 65-231(d)(2).  The rules also provide that "[a]ll parties shall inform the Court in their

7  briefs of the following: (i) whether they desire to present oral testimony at the hearing, and (ii) an

8  estimate of the amount of time they anticipate will be required for the hearing."  Local Rule 65-

9  231(d)(3).  Here, the plaintiff has not submitted a brief or any affidavits.  The plaintiff has filed

10  numerous conclusory allegations without any supporting facts.  Thus, the plaintiff failed to

11  comply with the Local Rules.  For these reasons the court will recommend that plaintiff's motion

12  for preliminary and permanent injunction be denied.

13  **Motions to Dismiss**

14    Each defendant has filed a motion to dismiss plaintiff's complaint.  The court will

15  consider each of the defendants' arguments for dismissal separately.

16    When reviewing a motion to dismiss, a court must accept as true the allegations in

17  the complaint and construe the facts in a light most favorable to the plaintiff.  See Fed. R. Civ. P.

18  12(b)(6); Jenkins v. McKeithen, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to

19  state a claim should not be granted unless it appears beyond a doubt that plaintiff can not prove

20  any facts which would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69,73

21  (1984).  As plaintiff in this action is pro se, the court must construe his complaint more liberally

22  than it would those drafted by a lawyer.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

23    Defendant Belshe' seeks dismissal of all claims against her in her official capacity,

24  on the grounds that the Eleventh Amendment bars suits against the state and its agencies for all

25  types of relief, absent unequivocal consent by the state, and she is not a "person" within the

26  meaning of 42 U.S.C. § 1983.

1          Under the Eleventh Amendment, a state is not subject to suit by its own citizens in

2    federal court.  U.S. Const. amend. XI.  <u>See</u> <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974).  In

3    most cases, the Eleventh Amendment will serve as a jurisdictional bar to a suit brought by a

4    private party against a state, regardless of the relief sought, unless the state consents to suit.  <u>See</u>

5    <u>Quern v. Jordan</u>, 440 U.S. 332 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978) (per curiam);

6    <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  As a general rule, the State of

7    California and its agencies will be immune under the Eleventh Amendment to suits seeking

8    either damages or injunctive relief against the state, a state agency, or any "arm of the state."

9    <u>Franceschi v. Schwartz</u>, 57 F.3d 828, 831 (9th Cir. 1995).

10          Here, the California Department of Health and Human Services ("DHHS") is a

11   state agency under the supervision of the "Secretary."  <u>See</u> Govt. Code § § 12800, 12801, and

12   12803.  Defendant Belshe´ is the Secretary of DHHS.  (Compl. at 7.)  A money judgment

13   awarded against defendant Belshe´ would be payable by the state.  <u>See</u> Cal. Govt. Code § 825.

14   Thus, defendant Belshe´ is immune from liability in her official capacity as an "arm of the state."

15   <u>See</u> <u>Regents of the University of California v. Doe</u>, 519 U.S. 425, 429-30 (1996).  The state as

16   the real party in interest, in a suit for monetary damages, may invoke its sovereign immunity even

17   though the individual officials are nominal defendants.  <u>Id.</u> at 429.  Moreover, defendant Belshe´

18   in her official capacity, is not a "person" within the meaning of section 1983.  <u>See</u> <u>Will v.</u>

19   <u>Michigan Department of State Police</u>, 491 U.S. 58, 71 (1989).

20          Plaintiff's complaint fails to state a claim against defendant Belshe´ in her

21   individual capacity as well.   In his complaint, plaintiff states that DHHS damaged RES by

22   conspiring and acting in a concerted effort with the IRS to recognize and execute a Federal Tax

23   Lien as to RES's facilities, without a judicial judgment.  (Compl. at 7-9.)  However, plaintiff fails

24   to make any factual allegations that she personally is responsible for the constitutional

25   deprivations alleged.  <u>See</u> Compl. at 7-15; <u>Ivey v. Board of Regents of University of Alaska</u>, 673

26   F.2d 266, 268 (9th Cir. 1982).

1        Nevertheless, defendant Belshé is entitled to qualified immunity from suit in her

2  individual capacity.  "Government officials enjoy qualified immunity from civil damages unless

3  their conduct violates 'clearly established statutory or constitutional rights of which a reasonable

4  person would have known.'"  Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (per curiam)

5  (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  The threshold question for a court

6  required to rule on the qualified immunity issue is whether the facts alleged, taken in the light

7  most favorable to the plaintiff, demonstrate that the defendants' conduct violated a statutory or

8  constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If no such right would have

9  been violated were the plaintiff's allegations established, "there is no necessity for further

10  inquiries concerning qualified immunity."  Id.  It is the plaintiff's burden to show that the right

11  allegedly violated was clearly established at the time of the conduct in issue.  Davis v. Scherer,

12  468 U.S. 183, 197 (1984).

13        Here, plaintiff makes the very general conclusion that RES was denied its First,

14  Fourth, Fifth, Sixth, Seventh, and Ninth Amendment rights.  Plaintiff does not say, however, who

15  denied these rights or how.  (See Compl. at 9.)  Moreover, the plaintiff fails to allege that

16  defendant Belshé could and should have understood that the recognition of a properly noticed

17  tax lien was an act contrary to clearly established laws.  Before being liable for monetary

18  damages, public officials must have clear notice that their conduct is unlawful.  See Brewster v.

19  Board of Education of Lynwood Unified School District, 149 F.3d 971, 977 (9th Cir. 1998).

20  Therefore, plaintiff's complaint should be dismissed as to defendant Belshé.

21        Next, defendant Cris Andrews contends that the plaintiff fails to allege how he is

22  personally liable.[2]  Defendant Andrews is the Shasta County Recorder.  In his complaint, plaintiff

23  states that "Chris Andrews, Shasta County Recorder, has knowingly, willfully, and unlawfully

24  facilitated the fraudulent notices of Federal Tax Liens, by converting and counterfeiting a mere

25

26        [2]  Plaintiff has misspelled defendant Andrews' first name.  The court will address the defendant by the correct spelling.

1   piece of paper into a lien." (Compl. at 8.) Plaintiff cites to his exhibits for support of this

2   complaint. Id. However, Exhibit K contains the only documents that make any reference to

3   defendant Andrews. Exhibit K consists of three recorded notices of tax liens and states that these

4   liens were recorded by the county recorder.[3]

5          There is no cause of action for damages based on the mere recording of federal tax

6   liens. The Recorder's Office was legally obligated to record the notices of federal tax liens

7   pursuant to California's Code of Civil Procedure and Government Code. See Cal. C.C. P. §

8   2103; Cal. Gov. Code § 27320. Therefore, plaintiff's complaint as to defendant Andrews should

9   be dismissed.

10          Defendant Andrews also asserts that plaintiff's complaint should be dismissed

11   because he is not a real party in interest. As discussed above, the plaintiff asserts injuries to the

12   RES cooperation, not to himself. Therefore, plaintiff's complaint should be dismissed in its

13   entirety because plaintiff is not the real party in interest. [4]

14          Next, defendants FNRC and Director Larson contend that they are entitled to

15   absolute immunity. 26 U.S.C. § 6332(e) states:

16          Effect of honoring levy. Any person in possession of (or obligated
             with respect to) property or rights to property subject to levy upon
17          which a levy has been made who, upon demand by the Secretary,
             surrenders such property or rights to property (or discharges such
18          obligation) to the Secretary (or who pays liability under subsection
             (d)(1)) shall be discharged from any obligation or liability to the
19          delinquent taxpayer or any other person with respect to such
             property or rights to property arising from such surrender or
20          payment.

21

22   The term "person," includes "an officer or employee of a corporation or a member or a employee

23          [3] Defendants DHHS and Larson contend that the court should disregard or strike all of plaintiff's affidavits
     or other documents attached as exhibits, which fail to provide the basis of his complaint or are outside the plaintiff's
24   knowledge. (See Def.'s Mot. to Dismiss at 3.) The court did not consider any documents which were outside the
     plaintiff's knowledge or the basis of plaintiff's complaint.

25
            [4] Defendant Belshe' joins defendant Andrews reply in support of the motions to dismiss plaintiff's
26   complaint and motion for injunctive relief.

1    of a partnership, who as such officer, employee, or member is under a duty to surrender the

2    property or rights to property, or to discharge the obligation.  26 U.S.C. § 6332(f).  Moreover, if

3    the defendants failed to comply with this statute they would have been penalized.  See 26 U.S.C.

4    § 6332(d)(1) & (2).  Thus, the plaintiff may not bring a claim against a person who is merely

5    honoring a federal tax levy under 26 U.S.C. § 6332(e) and the claim should be dismissed. [5]

6    _____ Defendant United States asserts that any potential claims against it should be

7    dismissed.  Plaintiff named Mark W. Everson, Commissioner of the IRS, as a defendant, not the

8    United States.  (See Compl. at 7.)  The United States asserts that this suit is not a suit against Mr.

9    Everson in his individual capacity because the plaintiff failed to allege that Mr. Everson acted

10   outside the scope of his employment.  A suit against a federal employee acting in his official

11   capacity is in reality a suit against the United States .  See Hawaii v. Gordon, 373 U.S. 57 (1963);

12   Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 688 (1949); Gilbert v. DaGrossa,

13   756 F.2d 1455, 1458 (9th Cir. 1985).  "It has long been the rule that the bar of sovereign

14   immunity cannot be avoided by naming officers and employees of the United States as

15   defendants."  Gilbert v. DaGrossa, 756 F.2d at 1458.  The plaintiff's lawsuit as against defendant

16   Everson is essentially a suit against the United States.  Thus, the lawsuit should be dismissed

17   because the United States is entitled to sovereign immunity.  Id. 1460-61.

18   Defendant United States also contends that this court lacks subject matter

19   jurisdiction because plaintiff has failed to allege an applicable waiver of sovereign immunity.

20   Occasionally, a United States official may be sued for damages for alleged violations of an

21   individual's constitutional rights.  See Bivens v. Six Unknown Federal Narcotics Agents, 403

22   U.S. 388 (1971).  However, an IRS employee may not be sued under Bivens, for collecting taxes.

23   Adams v. Johnson, 355 F.3d 1179 (9th Cir. 2004); see also Wages v. I.R.S., 915 F.2d 1230, 1235

24

25       [5]  If the court does not dismiss plaintiff's complaint, defendants Larson and FNRC motion the court for a
     more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.  This motion is not necessary at

26   this time because this court is recommending dismissal.

8

1  (9th Cir. 1990) *cert. denied*, 498 U.S. 1096 (1991).  Thus, even the court considers plaintiff's

2  claims as against Mr. Everson, relief under <u>Bivens</u> is not available.[6]

3         The United States also asserts that this action should be dismissed for

4  insufficiency of service.  <u>See</u> Fed. R. Civ. P. 12(b)(5).  The Rules of Civil Procedure require that

5  service upon the United States, its agencies, corporations, officers, or employees be effected "by

6  delivering a copy of the summons and of the complaint to the United States attorney in which the

7  action is brought...[and] by also sending a copy of the summons and of the complaint by

8  registered or certified mail to the Attorney General of the United States...[.]" Rule 12(b)(5)

9  requires dismissal for insufficiency of service of process.  <u>See</u> Fed. R. Civ. P. 12(b)(5).  In the

10  present case, plaintiff failed to properly serve the United States.  In fact, as discussed above, the

11  defendant failed to even name the United States as a defendant.  However, because the court

12  should consider the United States a defendant, plaintiff's complaint should be dismissed for

13  insufficient service of process.

14         For these many reasons plaintiff's complaint should be dismissed.

15  <u>Motion for Summary Judgment</u>

16         On March 25, 2005, plaintiff filed what is entitled a motion for summary

17  judgment in response to defendants' motion to dismiss.  However, within the body of this

18  motion, plaintiff argues that the defendants failed to answer his complaint.  This court will

19  construe plaintiff's motion for summary judgment as an improper motion for default judgment.

20  <u>See</u> Fed. R. Civ. P. 55. [7]

21         The plaintiff misunderstands the Federal Rules of Civil Procedural and their

22

23      [6]  Even assuming that plaintiff made allegations under 26 U.S.C. Sections 7432 and 7433 relief would still

24  be precluded because the United States has not been named as a defendant, the complaint does not allege that tax
liability is satisfied, unenforceable, or that the Internal Revenue Code was disregarded.  Finally, a taxpayer is
required to exhaust his administrative remedies with the IRS before filing a complaint for damages in federal court.

25  <u>See</u> 26 U.S.C. §§ 7432(d)(1) and 7433(d)(1).  Plaintiff has not alleged that he exhausted his claims.

26      [7]  The court considered a similar motion in an order filed on May 11, 2005.

1  requirement that motions to dismiss under Rule 12(b)(6) must be filed, before the answer.  Fed.

2  R. Civ. P. 12(b)(6).  Therefore, plaintiff's motion for summary judgment should be denied.

3  Motion for Extension of Time

4          On March 15, 2005, plaintiff filed a motion for extension of time to properly serve

5  all defendants.  However, the defendants have subsequently appeared in this case by filing

6  motions under Rule 12 of the Federal Rules of Civil Procedure.  Thus, because of the procedural

7  posture of the case, plaintiff's motion to extend time for service is denied as moot.  See Benny v.

8  Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

9          In accordance with the above, IT IS HEREBY ORDERED that plaintiff's "Motion

10  for Extension of Time to Properly Serve All Defendants" is denied as moot.

11          In accordance with the above, IT IS HEREBY RECOMMENDED that:

12          1.  The defendants' motions to dismiss plaintiff's complaint be granted;

13          2.  This action be dismissed; and

14          2.  Plaintiff's motion for summary judgment be denied.

15          These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

17  days after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20  shall be served and filed within ten days after service of the objections.  The parties are advised

21  that failure to file objections within the specified time may waive the right to appeal the District

22  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED:  May 18, 2005.

24

25  _____
    **CRAIG M. KELLISON**

26  UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26